**SAN MATERA THE GARDENS CONDOMINIUM ASSOCIATION, INC., Appellant,**

v.

**FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee.**

No. 4D15–4400

District Court of Appeal of Florida, Fourth District.

January 4, 2017

Jacob A. Brainard and Scott C. Davis of Business Law Group, P.A., Tampa, for appellant.

Alexzander D. Gonano of Gonano & Harrell, Fort Pierce, and Avri S. Ben-Hamo and Steven B. Greenfield of Al-

dridge & Pite, LLP, Boca Raton, for appellee.

Levine, J.

In this case, the trial court found that a servicer, which is a company that is authorized to collect payments under a loan, was entitled to the benefit of the safe harbor provision of section 718.116(1)(b), Florida Statutes (2015). The safe harbor provision limits the liability of a first mortgagee, and its successors and assignees, for past due condominium assessments. Thus, the issue presented for our review is whether a holder of the note, who is not also the owner, can qualify for the safe harbor provision. We find that the servicer, as the holder of the note, was a first mortgagee entitled to the safe harbor provision and that ownership of the note and mortgage is not required. As such, the trial court did not err in limiting appellee's liability for past due assessments as an assignee of the first mortgagee.

Bayview, acting as the servicer for the owner, Freddie Mac, obtained a final judgment of foreclosure by possessing the note endorsed in blank. Bayview later acquired title to the property at the foreclosure sale. Bayview then executed a special warranty deed transferring title of the property to Freddie Mac. Thereafter, a dispute arose between Freddie Mac and the San Matera the Gardens Condominium Association regarding Freddie Mac's liability for past unpaid assessments. The trial court entered summary judgment in favor of Freddie Mac, finding that as the first mortgagee, Bayview was protected under section 718.116(1)(b), Florida Statutes. The trial court further found that when Freddie Mac acquired title to the property from Bayview, Freddie Mac became jointly and severally liable with any balance owed by Bayview pursuant to section 718.116(1)(b). From this order, the Association appeals.

On appeal, the Association argues that the safe harbor provision of section 718.116(1)(b) is limited to the owner of the loan. Because Bayview was not the owner, both Bayview and Freddie Mac were jointly and severally liable for the full amount claimed. Freddie Mac maintains that Bayview was a first mortgagee because it had physical possession of the note and that Bayview's status as servicer of the loan did not disqualify it from the safe harbor provision.

The standard of review for an order granting summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So.2d 126, 130 (Fla. 2000). "A trial court's interpretation of a statute presents a pure issue of law subject to de novo review on appeal." *Beltway Capital, LLC v. Greens COA, Inc.*, 153 So.3d 330, 332 (Fla. 5th DCA 2014).

Section 718.116(1)(a) provides that "a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title." However, the statute carves out a safe harbor provision that caps liability for "a first mortgagee or its successor or assignees who acquire title" by foreclosure. § 718.116(1)(b)(1), Fla. Stat. Specifically, the safe harbor provision provides:

(b) 1. The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:

a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. . . .

§ 718.116(1)(b), Fla. Stat. The statute defines "successor or assignee" as "a subsequent holder of the first mortgage." § 718.116(1)(g), Fla. Stat. Although the statute does not define "first mortgagee," courts have elucidated its meaning by relying on the rules of statutory construction.

In *Beltway Capital*, the court explained that the term "first mortgagee" is broader than the term "original lender," because " 'first' refers to first in priority, not first in time." 153 So.3d at 331. In *Brittany's Place Condominium Ass'n v. U.S. Bank, N.A.*, 41 Fla. L. Weekly D2267 (Fla. 2d DCA Oct. 5, 2016), the Second District concluded that "a first mortgagee is the holder of the mortgage lien with priority over all other mortgages." Because a "successor or assignee" is defined as a *"subsequent* holder of the first mortgage," the court reasoned that "the first mortgagee must be a *prior* holder of the priority mortgage." *Id.* A holder, in turn, means "an owner or a possessor of the instrument." *Id.* Thus, "ownership is not essential to a successor or assignee's entitlement to limited liability under section 718.116(1)(b)." *Id.* This conclusion is "bolstered by the fact that the legislature did not use the word owner to restrict limited liability to only owners of the first mortgage (or note)." *Id.* Citing *Brittany's Place*, the court in *Village Square Condominium v. U.S. Bank National Ass'n*, 41 Fla. L. Weekly D2603 (Fla. 5th DCA Nov. 18, 2016), also concluded "that ownership of the note and mortgage is not required in order for a foreclosing party to limit its liability pursuant to the safe harbor provisions of section 718.116(1)(b)."

Applying these principles to the instant case, we hold that Bayview, as the holder of the note, qualified for the safe harbor provision as the first mortgagee. Additionally, Freddie Mac, as an assignee of the first mortgagee, also qualified for the safe harbor provision. As such, we affirm the order granting final summary judgment.

*Affirmed.*

Taylor and Conner, JJ., concur.